IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DANA PAUL CLINE, | ) |
|         Plaintiff, | ) |
|     v. | ) Case No. 2:23-cv-04110-RK |
| | ) Crim. No. 2:18-cr-04092-RK-1 |
| USA, | ) |
|         Defendant. | ) |

# ORDER

Movant Dana Paul Cline is currently incarcerated at the FCI Jesup in Jesup, Georgia, serving a 156-month (13-year) term of imprisonment imposed by this Court on August 11, 2021. Now before the Court is Movant's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The motion is fully briefed. (Docs. 10, 21.) After careful consideration and for the reasons below, the motion is **DENIED**; a certificate of appealability is **DENIED**; and this case is **DISMISSED**.

## I. Background

On August 13, 2018, Movant was charged with one count of receipt of child pornography. (Crim. Doc. 1.)[1] While Movant was initially represented by the Federal Public Defender, Attorney Daniel E. Hunt was Movant's counsel of record during the proceedings relevant to this § 2255 motion.[2]

---

[1] "Crim. Doc." refers to Movant's criminal case, No. 2:18-cr-04092-RK-1, and "Doc." refers to Movant's civil case, No. 2:23-cv-04110-RK.

[2] Movant had several attorneys. At his initial appearance, United States Magistrate Judge Willie J. Epps, Jr. appointed the Federal Public Defender to represent Movant. (Crim. Doc. 2.) Two days later, counsel Shane Lee Farrow filed an entry of appearance on behalf of Movant. (Crim. Doc. 8.) Attorney Farrow filed two motions to withdraw on October 2 and 19, 2018, explaining Movant had expressed his desire to terminate his representation on two separate occasions. (Crim. Docs. 19, 29.) On October 30, 2018, Judge Epps re-appointed the Federal Public Defender to represent Movant, and Attorney Farrow was withdrawn as attorney of record. (Crim. Doc. 34.) On January 10, 2019, Judge Epps held a status conference with Movant and his public defender concerning the appointment of new counsel. (Crim. Doc. 43.) A minute entry reflects that Judge Epps informed Movant he would not appoint new counsel at that time and Movant should work with current counsel to resolve the case. (*Id.*) On April 8, 2019, Kevin L. Jamison filed an entry of appearance on behalf of Movant, and the Federal Public Defender was withdrawn as attorney of record. (Crim. Doc. 50.) On May 28, 2019, Movant filed a motion to dismiss Attorney Jamison as counsel; however, his motion was denied without prejudice. (Crim. Docs. 53, 57.) On August 9, 2019, Thomas J. Kirsch filed an entry of appearance on behalf of Movant. (Crim Doc. 67.) On January 20, 2020, Daniel E. Hunt filed an entry of appearance on behalf of Movant. (Crim. Doc. 70.) On May 5, 2020, Mr. Jamison filed a motion to withdrew from representation, which was granted the next day. (Crim. Docs. 72, 73.) Attorney Hunt remained lead counsel for Movant. (Crim. Doc. 72.)

On August 16, 2018, the Government filed an indictment charging Movant with two additional counts: Count One—distribution of child pornography, Count Two—receipt of child pornography, and Count Three—possession of child pornography. (Crim. Doc. 10.)

On July 6, 2020, following a pretrial conference, Judge Epps set a change-of-plea hearing for the next day. (Crim. Doc. 87.) At the change-of-plea hearing on July 7, 2020, Attorney Hunt appeared on behalf of Movant who also appeared in person, and Movant entered a guilty plea before Judge Epps to Count Two of the Indictment. (*See* Crim. Doc. 89.) Movant entered this guilty plea pursuant to a written plea agreement. (Crim. Doc. 91.) The statutory penalties were set out in the plea agreement. (*Id.* at 3-4.) As to Count Two, Movant was advised (both in the written plea agreement and on the record) that the maximum penalty the Court could impose was not more than 20 years, but not less than five years, of imprisonment, not more than a $250,000 fine, a supervised release term up to life, an order of restitution, and a $100 mandatory special assessment per felony count of conviction which must be paid in full at the time of sentencing. (*Id.* at 4; Plea Tr. at 7.) Additionally, Movant was advised of the statutory range punishment and sentencing procedures, including the United States Sentencing Guidelines. (Crim. Doc. 91 at 4; Plea Tr. at 11-12.) This Court accepted Movant's guilty plea pursuant to Judge Epps's Report and Recommendation. (Crim. Docs. 90, 92.)

On August 11, 2021, the Court held a sentencing hearing. (*See* Crim. Doc. 108.) Movant appeared in person and with Attorney Hunt as his counsel. (*See id.*) At the sentencing hearing, the Court calculated an advisory guideline range of 151 to 188 months' imprisonment, based on a total offense level of 32 and a criminal history category of III. (Sent. Tr. at 12.) Ultimately, the Court sentenced Movant to a 156-month term of imprisonment. (Crim. Doc. 109.)

Movant filed a direct appeal, and the Eighth Circuit affirmed the judgment. *U.S. v. Cline*, 27 F.4th 613 (8th Cir. 2022).

Movant filed the instant motion for post-conviction relief pursuant to 28 U.S.C. § 2255 on May 31, 2023. (Crim. Doc. 141; Doc. 1.)

Further facts are set forth as necessary.

**II.      Standard of Review**

Title 28 U.S.C. § 2255 provides that an individual in federal custody may file a motion to vacate, set aside, or correct his or her sentence when "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" A motion under this statute provides a statutory avenue through which to address constitutional or jurisdictional errors and errors of law that "constitute a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (cleaned up).

A claim of ineffective assistance of counsel may be sufficient to attack a sentence under § 2255; however, the "movant faces a heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). In such cases, the Court must scrutinize the ineffective assistance of counsel claim under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* Under *Strickland*, a prevailing defendant must prove "both that this counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988).

As to the "deficiency" prong, the defendant must show that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." *Id.* (quoting *Hayes v. Lockhart*, 766 F.2d 1247, 1251 (8th Cir. 1985)). Additionally, as to the "prejudice" prong, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694). In the context of an ineffective assistance claim within the context of a guilty plea, *Strickland*'s prejudice prong looks to "whether counsel's constitutionally ineffective performance affected the outcome of the plea process," that is, "that there is a reasonable probability that, but for counsel's errors, [movant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Under § 2255(b), a movant is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Accordingly, a hearing is not required "if either (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citations and quotation marks omitted). A petition that consists only of "conclusory allegations unsupported by specifics [or]

3

contentions that, in the face of the record, are wholly incredible," is insufficient to overcome the barrier to an evidentiary hearing on a § 2255 motion. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### III. Discussion

Movant raises five grounds for relief in his § 2255 motion to vacate, set aside, or correct his sentence. However, in Movant's reply to the Government's opposition to his § 2255 motion, Movant concedes his fifth claim. Therefore, the Court addresses his first four claims in turn.

### A. Ground One: Ineffective Assistance Based on Plea Counsel's Advice

Movant argues he is entitled to post-conviction relief under § 2255 because Attorney Hunt was constitutionally ineffective by making false promises that Movant "would be looking at a sentence of no more than 5 to 6 years imprisonment," and Attorney Hunt told Movant that he "would be eligible to be released to a halfway house after serving 60% of this sentence." (Doc. 9 at 13.) Movant claims that the voluntariness of his plea was tainted by Attorney Hunt's alleged false promises.

Movant fails to meet the heavy burden necessary to demonstrate that counsel provided ineffective assistance. His allegation that he was promised he would only receive a sentence up to six years in prison (of which he would only serve approximately three-and-a-half years) is belied by his own testimony at the change-of-plea hearing. The prosecutor explained the range of punishment: "[Count Two] carries with it a penalty of not less than five years' imprisonment, not more than 20 years' imprisonment. It also carries with it a not more than $250,000 fine. As far as supervised release, it's not less than five years, up to life of supervised release, and it is a Class C felony." (Plea Tr. 7.) Movant acknowledged that he understood the range of punishment. (*Id.*) Movant stated that he discussed the plea agreement with Attorney Hunt, who was able to answer all of his questions concerning the agreement. (*Id.*) Movant further stated he read the plea agreement before signing it. (*Id.* at 8-9.) Movant stated he understood all of the terms, including that "the terms of the plea agreement are mere recommendations to the court and that the court can reject the recommendations without permitting [him] to withdraw his plea of guilty and impose a sentence that is more severe than [he] and [Attorney Hunt] may anticipate, up to the maximum permitted by law." (*Id.* at 10.) Movant acknowledged he understood that his sentence would be determined by a combination of the United States Sentencing Guidelines, possible authorized variances from the guidelines, and other statutory sentencing factors; further, that the court may have authority to vary upward or downward from the advisory guideline range. (*Id.* at 11-12.)

4

Movant stated he was pleading guilty on his own free will and that no promises of any kind were made to Movant to get him to plead guilty. (*Id.* at 14.) Movant's attack on the voluntariness of his plea based upon counsel's alleged false promises "fails to overcome the 'strong presumption of verity' that attache[s] to statements made in 'open court.'" *Nguyen v. U.S.*, 114 F.3d 699, 704 (quoting *Blackledge v. Allen,* 431 U.S. 63, 74 (1977)).

Nor has Movant made a showing of prejudice arising from the alleged deficient representation. Movant summarily alleges that but for his attorney's false promise concerning his sentence, Movant would have proceeded to trial. (Doc. 9 at 13.) Even if the Court assumes Attorney Hunt did not inform Movant of the potential prison sentence, Judge Epps's verification of Movant's understanding of the potential sentence and sentencing guidelines during the plea colloquy showed that no prejudice accrued therefrom. *See Estes v. U.S.,* 883 F.2d 645, 648 (8th Cir. 1989) (holding that even assuming counsel failed to adequately explain the nature of a plea agreement, no prejudice can be shown where the transcript of the plea proceedings revealed the trial court verified defendant's understanding of the matter and, with that understanding, the defendant pleaded guilty); *see also United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009) ("inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range"). "Whether from his counsel, the language of the plea agreement, the government's summary recitation of the agreement, or the court's statements" to Movant at the change-of-plea hearing, Movant was fully aware that he was facing up to twenty years in prison when he tendered his guilty plea. *U.S. v. Erving*, No. 4:05CR3002, 2007 WL 1321725, at *7 (D. Neb. April 3, 2007) (citing *Estes*, 883 F.2d at 648). Movant fails to show Attorney Hunt's performance was deficient, or that he suffered prejudice therefrom.

Ground One is denied.

### B. Ground Two: Ineffective Assistance Based on Failure to Investigate an Alternative Perpetrator Defense

Movant next argues he is entitled to post-conviction relief because Attorney Hunt failed to investigate Movant's father as an alternative perpetrator of the charged offenses. Movant asserts that had his attorney obtained this information to present at trial, he would have instead proceeded to trial.

Counsel must "make a reasonable investigation in the preparation of a case or make a reasonable decision not to conduct a particular investigation." *Kenley v. Armontrout*, 937 F.2d 1298, 1304 (8th Cir. 1991)). However, Movant fails "to allege any facts which would support this claim that the defense attorney failed to investigate." *Brown v U.S.*, 656 F.2d 361, 364 (8th Cir. 1981). Nor has Movant "articulate[d] what exculpatory evidence could possibly have been produced had his counsel" investigated an alternative perpetrator defense. Movant specifically argues:

> My trial counsel informed me that he was going to investigate and present an alternative perpetrator defense based upon the fact that my father, Donald Cline, owned the laptop computer where the alleged incriminating evidence was found. Windows identified the laptop owners as my father, Donald Cline. The user account was also under the name of my father and the ISP account was also in my father's name. The hard drive search of the computer also found several documents of Donald Cline. Had my counsel investigated this issue and obtained all of this information to present at my trial, I would not have pleaded guilty and would have exercised my constitutional right to a trial by jury.

(Doc. 9 at 13.)

Movant does not allege that any of this information was newly discovered after he entered his plea of guilty; rather, it is apparent that he and his counsel were aware of these alleged circumstances at the time Movant entered his plea. (*See* Doc. 9 at 13 ("My trial counsel informed me that he was going to investigate and present an alternative perpetrator defense *based upon the fact that my father* . . . .")). Movant fails to set forth what more Attorney Hunt should have investigated, and he does not articulate what more could have been produced. The Court finds that Movant has not established that Attorney Hunt's investigation was deficient.

Even had Movant established that his attorney's performance was deficient, Movant's argument that he would not have pleaded guilty had his attorney investigated the issue is belied by the same reasoning set forth above—Movant was aware of the alleged ownership of the laptop and purported availability of an alternative perpetrator defense at the time he entered his plea, but he instead chose to plead guilty and accept the benefit of the plea agreement. "Once a person has entered a guilty plea, any subsequent presentation of . . . contentions that in the face of the record are wholly incredible" are subject to summary dismissal. *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988). His argument is also contradicted by the record set forth in the change-of-plea hearing wherein Movant acknowledged that the laptop was his laptop; and his statements that he

was fully satisfied with Attorney Hunt's representation and advice, further, that Attorney Hunt had done everything he requested. (Plea Tr. at 5, 13.) *See Nguyen,* 114 F.3d at 704 (rejecting ineffective assistance claim as "flatly contradicted by [the movant's] contemporaneous statements at the plea hearing that he was 'satisfied with the representation [he had] received' and that he 'believed' that his counsel had 'been a good lawyer.'"); *U.S. v. Hughes*, 16 F.3d 949, 951 (8th Cir. 1994) (finding defendant's testimony at his change-of-plea hearing that his attorney did not fail to do anything defendant asked of him and defendant was satisfied with his representation directly contradicted his assertion that his plea was involuntary due to counsel failing to investigate his case). Movant offers nothing to overcome the presumption that his statements at the plea hearing were accurate and truthful. Accordingly, the Court finds that Movant's argument lacks merit.

Ground Two is denied.

### C. Gound Three: Ineffective Assistance Based on Failure to File Motion to Suppress

Movant also asserts that Attorney Hunt was ineffective for failing to file a motion to suppress the evidence seized from the laptop. (Doc. 9 at 13.) Movant asserts that Attorney Hunt "informed [Movant] that he intended to file a motion to suppress, alleging an illegal search and seizure and irregularities in obtaining and executing the search warrant in this case." (*Id.*) That is the extent of the factual support that Movant sets forth. Movant fails to address even basic facts that could support finding a reasonable probability that the motion to suppress would have been successful, e.g., the manner in which the laptop was seized. *DeRoo v. U.S.*, 223 F.3d 919, 925 (8th Cir. 2000) (movant cannot prove prejudice arising from the alleged ineffectiveness of failure to file a motion unless there is a reasonable probability that the motion would have been successful). This showing is clearly insufficient to establish the heavy burden Movant faces on his § 2255 motion. *Id.* "If the [movant] cannot prove prejudice, we need not address whether counsel's performance was deficient." *Id.* (citing *Apfel,* 97 F.3d at 1076).

Ground Three is denied.

### D. Ground Four: Ineffective Assistance Based on Failure to Inform Movant of Possibility of Imposition of Restitution and Residency Restrictions

Finally, Movant argues that Attorney Hunt was ineffective for failing to inform Movant that by pleading guilty, he "could be facing a strong possibility of having to pay a significant amount of restitution and would also face residency restrictions once [he] was released from prison." (Doc. 9 at 13.) Movant does not describe his requested relief. To the extent Movant apparently

7

challenges the restitution portion of his sentence, a § 2255 motion is the incorrect vehicle to challenge restitution. *Dyab v. U.S.*, 855 F.3d 919, 922 (8th Cir. 2017) ("because a dispute about restitution does not involve a claim of a right to be released from custody, a prisoner cannot challenge the restitution portion of his sentence under § 2255").

Movant's claim is refuted by language contained in his plea agreement wherein he acknowledged that the court might order restitution to the victims. (Crim. Doc. 91 at 10, ¶ 16a). Movant also acknowledged that he would have to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), which necessarily entails restrictions on where convicted sex offenders may reside once they are released from custody (a fact laid out in the plea agreement). (Crim. Doc. 91 at 13-14, ¶ 21). At the change-of-plea hearing, Movant confirmed that he had read the plea agreement and understood its provisions. (Plea Tr. 8-9.) Similar to Movant's claim concerning Attorney Hunt's alleged false promises, this claim likewise "fails to overcome the 'strong presumption of verity'" that attached to Movant's statements made in open court. *Nguyen*, 114 F.3d at 704 (quoting *Blackledge,* 431 U.S. at 74).

Moreover, in order to prove prejudice and to obtain relief, Movant must demonstrate that a decision to reject the plea and proceed to trial "would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). Here, given the evidence and circumstances involved in the case, including the potential exposure to three felony convictions and over three times the amount of prison time than he received by entering the plea agreement,[3] the Court finds it irrational to accept that Movant would have rejected the plea agreement based solely on the potential imposition of restitution and residency requirements. Thus, even if Attorney Hunt failed to inform Movant that he "could be facing a strong possibility of having to pay a significant amount of restitution and would also face residency restrictions" (*and* assuming that failure amounts to constitutionally ineffective representation), Movant has nevertheless failed to demonstrate prejudice on this claim.

Ground Four is denied.

---

[3] According to the Indictment, Movant faced no less than five but no more than twenty years' imprisonment on each Count One and Count Two, and he faced no more than ten years' imprisonment on Count Three. (Crim. Doc. 10.)

8

Case 2:23-cv-04110-RK   Document 22   Filed 09/23/24   Page 8 of 9

### IV. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to Movant. A certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Movant has made no such showing, the Court declines to issue a certificate of appealability.

### V. Conclusion

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** that (1) Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**; (2) a certificate of appealability is **DENIED**; and (3) this case is **DISMISSED**.[4]

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 23, 2024

---

[4] The Court also finds that an evidentiary hearing is not required to resolve the claims presented based upon the allegations as plead by Movant which are either contradicted by the record, inherently incredible, or conclusions rather than supported statements of fact. *Thomas*, 737 F.3d at 1206.